**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

vs.  Case No. 6:07-cr-48-Orl-37DAB

LEONARD V. SMITH,

**ORDER**

This cause is before the Court on Defendant's Motion for a Reduction in Sentence (Doc. 174), filed December 14, 2011. The Court directed the United States Probation Office to determine whether Defendant was eligible for a reduction in sentence, and directed the Government and Defendant to respond to the Probation Office's determination. (Doc. 176.) Thereafter, this Court stayed consideration of Defendant's motion while the U.S. Court of Appeals for the Eleventh Circuit considered several appeals raising similar issues. (Doc. 192.) The parties submitted regular status reports during the pendency of the appeals, which have concluded. (Docs. 193, 195–98.) Thus, Defendant's motion is now ripe for consideration.

Defendant is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). He was sentenced according to the applicable statutory minimum guideline sentence well before the effective date of the Fair Sentencing Act. Therefore neither the FSA nor the amendments promulgated by the United States Sentencing Commission are of assistance to him. *See Dorsey v. United States*, 132 S. Ct. 2321 (2012) (holding that the FSA applies only to criminal sentences imposed after its effective date); *United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) (noting that the definition of applicable guideline range promulgated by the Sentencing Commission "has nothing to do with

mandatory minimums and does nothing to alter this court's rule that the applicable guideline range is 'the scope of sentences available to the district court, which would be limited by a statutorily imposed mandatory minimum guideline sentence'"); *United States v. Gomes*, 621 F.3d 1343, 1345 (11th Cir. 2010) (noting that "district courts remain 'constrained by the mandatory minimums' prescribed by Congress" when sentencing a criminal defendant). The fact that Defendant received a downward departure for substantial assistance does not change this. *See United States v. Smith*, 340 F. App'x 587, 588 (11th Cir. 2009) (noting that the movant's original guideline range was "based on a statutory minimum sentence" that was "unaffected" by (1) the Sentencing Commission's subsequent amendment of the guideline range, and (2) the downward departure granted by the district court because the "departure did not waive the statutory minimum sentence").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Leonard V. Smith's Motion for a Reduction in Sentence (Doc. 174) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 12, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record